<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DWAYNE JOHNSON,<br><br>*Plaintiff,*<br><br>v.<br><br>STATE OF NEW JERSEY and<br>RAFAEL BALLASTES-DRUGIERO,<br><br>*Defendants.* | Case No.: 2:24-cv-08950-JKS-JRA<br><br>**OPINION AND ORDER**<br><br>April 10, 2025 |

**SEMPER**, District Judge.

  **THIS MATTER** is before this Court upon *pro se* Plaintiff Dwayne Johnson's ("Plaintiff") filing of a Complaint and an application to proceed *in forma pauperis* ("IFP application") (ECF 1), and this Court having *sua sponte* reviewed the Complaint for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 8(a); and

  **WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating he or she is "unable to pay such fees," but must dismiss a case that is frivolous, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(a)(1), (e)(2)(B); *see Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024); and

  **WHEREAS** having reviewed Plaintiff's application, the Court finds leave to proceed *in forma pauperis* is warranted, and the application is **GRANTED**; and

**WHEREAS** the legal standard for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) is the same as that applied under Federal Rule of Civil Procedure 12(b)(6). *See Shorter*, 12 F.4th at 371. *Pro se* complaints are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation marks omitted); *see also* Fed. R. Civ. P. 8(e). However, a *pro se* complaint must still comply with Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and citation omitted). Factual allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The factual allegations in a complaint are generally accepted as true, but legal conclusions are not. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; and

**WHEREAS** the facts alleged in Plaintiff's *pro se* Complaint are insufficient to state a claim upon which relief may be granted because they "do not permit [this Court] to infer more than the mere possibility" that Defendants State of New Jersey or Rafael Ballastes-Drugiero violated his rights. *Iqbal*, 556 U.S. at 679; *see* Fed. R. Civ. P. 8(a)(2). In the Complaint, Plaintiff alleges that Defendant Ballastes-Drugiero arrested Plaintiff unlawfully; "penalized [Plaintiff's] freedoms of personal security and privacy" and infringed on his "freedom of migration" in violation of the New Jersey Constitution. (ECF 1, Compl. ¶¶ 10, 14-15.) Plaintiff also vaguely alleges that "the charging instrument" contains a "confession" from Defendant Ballastes-Drugiero, and that it "does not allege any sufficient suspicion" or "any facts" of "criminal activity." (*Id.* ¶¶ 10-12.) The Complaint

2

does not, however, state what the "charging instrument" is; the background of Plaintiff's interaction with Defendant Ballastes-Drugiero; or information regarding Plaintiff's alleged arrest. The Civil Cover Sheet describes the case as "civil rights infringement," but under "Nature of Suit," Plaintiff also checked boxes for "Contract," "Personal Injury," and "Personal Property," although there are no allegations relating to either category. (*See* ECF 1-1.) The Court cannot presently discern Plaintiff's claims against Defendants or the alleged bases for those claims. As currently pleaded, Plaintiff's allegations fail to state a claim upon which relief may be granted. *See Iqbal*, 556 U.S. at 678. The Complaint is dismissed without prejudice.

**IT IS** on this 10th day of April 2025,

**ORDERED** that Plaintiff's application to proceed in forma pauperis is hereby **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice; and it is further

**ORDERED** that Plaintiff shall have thirty (30) days to file an amended complaint; and it is further

**ORDERED** that the Clerk of the Court is directed to mail a copy of this Opinion and Order to Plaintiff by certified mail return receipt; and it is further

**ORDERED** that the Clerk of the Court shall mark this case **CLOSED** pending the submission of Plaintiff's amended complaint.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:  Clerk
cc:    Jose R. Almonte, U.S.M.J.